IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICK DALTON,

        Plaintiff,

v.                                                       CV 14-39 KG/WPL

CAROLYN W. COLVIN,
Acting Commissioner of Social Security Administration,

        Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before the Court on Plaintiff's motion to proceed *in forma pauperis*. (Doc. 2.) Screening the case under 28 U.S.C. § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." IFP status should be granted only if a plaintiff demonstrates that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also* 28 U.S.C. § 1915(a)(1).

Plaintiff, who is fifty-four years old and has no dependents, receives $2,700/month in veteran disability benefits. (Doc. 2 at 2.) He also has $30,000 in savings and owns a home and two vehicles. (*Id.* at 2-3.) His estimated average monthly expenses total $1,700/month. (*See id.* at 4.) On these facts, Plaintiff has failed to show that he cannot, because of poverty, provide himself with the necessities of life and pay the filing fee. *See Adkins*, 335 U.S. at 339. I recommend that

his application to proceed IFP should, therefore, be denied, and his Complaint should be dismissed. *See* § 1915(e)(2)(A); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006).

Furthermore, Plaintiff has failed to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). With respect to the nature of his case, Plaintiff states, "Social Security disability. Injury on duty Regular Army Ft. Sill OK." (Doc. 1 at 2.) Plaintiff also attaches two letters from year 2012 written by Plaintiff's attorney at that time to the Social Security Administration Appeals Council. (Doc. 1 at 7-9.) There is no evidence of any decision by the Appeals Council, nor does Plaintiff make any allegations as to error in the administrative proceedings. (*See* Doc. 1.)  I therefore recommend that Plaintiff's Complaint be dismissed on this basis as well. *See Trujillo*, 465 F.3d at 1217 n.5.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.